O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION


JAMIE HERNANDEZ,                    )    Case No. EDCV 08-01956-MLG
                                    )
                 Plaintiff,         )    MEMORANDUM OPINION AND ORDER
                                    )
          v.                        )
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social             )
Security,                           )
                                    )
                 Defendant.         )
_____ )

     Plaintiff Jamie Hernandez seeks judicial review of the
Commissioner's denial of his application for Disability Insurance
("SSDI") benefits and Supplemental Security Income ("SSI") benefits
under the Social Security Act. For the reasons stated below, the
decision of the Social Security Commissioner is **AFFIRMED**.

**I. Facts and Procedural History**

     Plaintiff was born on October 31, 1956, and his work history
includes employment as a master mechanic. (Administrative Record ("AR")
115, 91.) Plaintiff has not been gainfully employed since February 20,

2005, when he was in a serious car accident in which he fractured his spine, right femur, and ribs. (AR 16.) More specifically, Plaintiff sustained injuries summarized as follows:

> A CT of the lumbar spine performed on February 20, 2005, showed mild L1 compression fracture of the anterosuperior endlplate [sic] and there was bilateral transverse process fractures at L1 and L2[]. There also was multiple rib fractures with a comminuted fracture of the left posterior 12th rib[]. Diagnostic imaging of the right femur showed evidence of a spiral fracture of the mid shaft of the right humerous[]. The claimant underwent T11 through L1 spinal fusion with instrumentation as well as open reduction internal fixation of the right femur[]. Subsequently, recovery was complicated by distension of the colon for three days as well as right lower lobe collapse with difficulty breathing, and the claimant underwent fiberoptic bronchoscopy with lavage[]. The claimant's condition stabilized and he was started on physical therapy, occupational therapy, and pain management[]. However, he continued to experience pain despite treatment and strong medication including morphine and Duragesic patch[]. He also has numbness with weakness in his right lower extremity.

(AR 16 (internal citations omitted)). Plaintiff contends that he continues to suffer from ongoing pain, side effects from his medications, and depression.

Plaintiff filed an application for SSDI and SSI benefits on August 11, 2005. (Joint Stipulation ("Joint Stip.") 2.) The Commissioner denied Plaintiff's application on December 29, 2005, (AR 65), and again on January 27, 2006, upon reconsideration. (AR 59.) Administrative Law

2

1    Judge ("ALJ") F. Keith Varni held a hearing on July 23, 2007, at which

2    Plaintiff testified and was represented by counsel. (AR 27-36.) A

3    vocational expert also testified at the hearing.

4        On August 29, 2007, the ALJ determined that Plaintiff was disabled

5    for a closed period of time beginning February 20, 2005, through April

6    24, 2007, at which time Plaintiff's condition had improved to the extent

7    that he was no longer disabled. (AR 18, 21-22.) The Social Security

8    Administration Appeals Council denied Plaintiff's request for review on

9    November 13, 2008, and Plaintiff filed this action on January 12, 2009.

10   Plaintiff alleges that the ALJ erred as follows: (1) by failing to

11   properly consider the treating physician's opinion regarding side

12   effects from Plaintiff's medication and the need for a cane; (2) by

13   failing to properly consider the side effects of Plaintiff's medication

14   in reaching the disability determination; (3) by improperly discounting

15   Plaintiff's credibility; and (4) by posing an incomplete hypothetical to

16   the vocational expert who testified at the hearing. (Joint Stip. 3.)

17   Plaintiff asks this Court to order an award of benefits or, in the

18   alternative, to remand for a new administrative hearing. (Joint Stip.

19   22.)

20

21   **II.  Standard of Review**

22       The Court must uphold the Social Security Administrations's

23   disability determination unless it is not supported by substantial

24   evidence or is based on legal error. *Ryan v. Comm'r of Soc. Sec.*, 528

25   F.3d 1194, 1198 (9th Cir. 2008)(citing *Stout v. Comm'r of Soc. Sec.*

26   *Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Substantial evidence means

27   more than a scintilla, but less than a preponderance; it is evidence

28   that a reasonable person might accept as adequate to support a

3

conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute [its] judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

## III. Disability Analyses

Upon receiving a claim for disability benefits, the Commissioner must undertake a five-step sequential analysis to determine whether a claimant is disabled under the Social Security Act. The Commissioner must consider the following questions: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant's impairment is "severe"; (3) whether the impairment meets or equals one of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant is able to return to past relevant work; and (5) whether the claimant can do other types of work. 20 C.F.R. § 404.1520(a)(4). These steps are cumulative, meaning that the Commissioner need not consider further steps after finding that a step does not favor the claimant.

Once the Commissioner concludes that a claimant is disabled, the Commissioner may conduct a different analysis to determine whether the disability is continuing. 20 C.F.R. § 404.1594(f). This analysis requires an eight-step inquiry involving the following questions: (1) whether the claimant is engaged in substantial gainful activity; (2)

4

whether the impairment meets or equals one of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (3) whether there has been medical improvement as shown by a decrease in medical severity; (4) whether the improvement is related to the individual's ability to do work; (5) in the absence of medical improvement related to work, whether any of the specified exceptions apply that would render the claimant not disabled; (6) whether the impairments are "severe"; (7) whether the claimant can perform past relevant work; (8) whether the claimant can do other types of work. 20 C.F.R. § 404.1594(f).

**IV. Discussion**

The ALJ's conclusion that Plaintiff was disabled for a closed period was based his application of the analyses described above. The ALJ first applied the five-step sequential analysis mandated by the Social Security regulations for initial disability determinations. (AR 15-18.) After concluding that Plaintiff was disabled as of February 20, 2005, the ALJ applied the eight-step sequential analysis to determine whether Plaintiff was still disabled as of the hearing date. The ALJ concluded that Plaintiff's disability had ended on April 23, 2007, the day he appeared for an orthopedic evaluation. (AR 18.)

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since February 20, 2005, and that Plaintiff's medically determinable impairments did not meet or equal any listed impairment. (AR 15, 18.) The ALJ found that medical improvement related to Plaintiff's ability to work occurred as of April 24, 2007 (AR 18.) The ALJ further found that Plaintiff had severe impairments in the musculoskeletal system, but that Plaintiff's depression was not a medically determinable impairment. (AR 15.) The ALJ concluded that as of

April 24, 2007, Plaintiff had the residual functional capacity ("RFC") to lift or carry twenty-five pounds occasionally and ten pounds frequently; that he could stand and walk for four hours out of an eight-hour day and sit for six hours; and that he was limited to occasional climbing, kneeling, and squatting. (AR 18.) In reaching the RFC determination, the ALJ rejected the opinions of two treating physicians, adopting the examining physician's opinion instead, and discounted Plaintiff's credibility. (AR 18-21.) The ALJ found that Plaintiff could not perform his past relevant work, but that a significant number of jobs existed in the national economy that he could perform, rendering him not disabled under the Social Security Act. (AR 21-22.)

The Court will now turn to Plaintiff's claims of error.

**A.  The ALJ Properly Considered the Treating Physician's Opinion Regarding Side Effects from Plaintiff's Medication and Use of a Cane**

Plaintiff argues that the ALJ failed to consider the opinion of a treating physician, Thawat Eosakul, M.D., in reaching the RFC determination. (Joint Stip. 3-5.) Plaintiff's claim is without merit.

On June 6, 2006, Dr. Eosakul filled out a Chronic Pain Residual Functional Capacity Questionnaire. (AR 389-93.) Dr. Eosakul stated that Plaintiff's medications caused nausea and dizziness, and checked a box indicating that Plaintiff needed to use a cane when standing or walking. (AR 390-91.) Dr. Eosakul also checked boxes indicating that Plaintiff had reduced range of motion, affected joints, sensory changes, reflex changes, impaired sleep, weight change, impaired appetite, abnormal posture, positive straight leg raising, tenderness, muscle spasm, muscle weakness, muscle atrophy, abnormal gait, depression, and anxiety. (AR 389-90.) Dr. Eosakul opined that Plaintiff's pain would constantly

interfere with his attention and concentration, and that Plaintiff was severely limited in his ability to deal with work stress. (AR 390.) Dr. Eosakul opined that Plaintiff could continuously sit or stand for no more than fifteen minutes at a time; that he could sit, stand, or walk less than two hours total in an eight-hour day; that he would need to walk for five minutes every thirty minutes, lie down every thirty minutes, and elevate his legs for ten to fifteen minutes two to three times per day. (AR 390-91.) Dr. Eosakul stated that Plaintiff had significant limitations in reaching, handling, or fingering, and he could not bend at the waist at all. (AR 392.) Dr. Eosakul indicated that Plaintiff's impairments did not cause "good days" and "bad days," which, given the significant level of impairment Dr. Eosakul assigned, suggests that all of Plaintiff's days were bad days. (*Id.*) Dr. Eosakul opined that Plaintiff's impairments prevented him from competing in the open labor market, and that his prognosis was poor. (AR 389-90.)

By contrast, the examining physician, Bunsri T. Sophon, M.D., opined that Plaintiff's impairments were much more benign. Dr. Sophon noted that Plaintiff had no deformity and no evidence of swelling, palpable mass, inflamation, tenderness, muscle atrophy or spasm, with normal range of motion in his cervical spine, shoulders, arms, elbows, forearms, wrists, hands, hips, thighs, lower legs, ankles, and feet. (AR 406-08.) Dr. Sophon stated that Plaintiff had negative straight leg raising tests, both sitting and supine bilaterally. (AR 406.) Plaintiff had tenderness and paravertebral muscle spasm in the lumbar spine, with flexion at 45/90 degrees, extension at 10/25 degrees, and lateral bending 20/25 degrees bilaterally. (AR 406.) Plaintiff also had generalized tenderness over the anterior aspect of the right knee, with no evidence of joint effusion or ligamentous instability. The McMurray's

sign and Lachman's test were negative bilaterally. (AR 407.) Plaintiff's right knee range of motion was zero to 130 degrees, and his left knee range of motion was zero to 135 degrees. (AR 407.)

In explaining his findings, Dr. Sophon noted that Plaintiff "demonstrates tenderness, muscle spasm and restriction of motion of the thoracolumbar spine. He demonstrates tenderness and minimal restriction of motion of the right knee." (AR 408.) Dr. Sophon opined that Plaintiff could lift and carry twenty-five pounds occasionally and ten pounds frequently, stand and walk four hours out of an eight-hour day, sit for six hours out of an eight-hour day, and only occasional climbing, kneeling, or squatting. (AR 408.)

The ALJ rejected Dr. Eosakul's opinion, along with another treating physician's opinion, stating:

> I find [the opinions] exaggerated, accommodative, and unsupported even when made in May 2006 and June 2006. I note that the treating physicians completed pre-printed forms indicat[ing] the claimant was limited in fine and gross manipulation, but there is nothing in the medical evidence to support such limitations[]. Furthermore, they both asserted the claimant was unable to perform in the open labor market. However, I note that an opinion regarding work incapacity is partially a vocational judgment which is beyond these physicians' expertise and the final responsibility for determining the issue of disability is reserved for the Social Security Administration.

(AR 20 (citation omitted).) The ALJ gave Dr. Eosakul's opinion limited probative weight.

The ALJ should generally accord greater probative weight to a

8

treating physician's opinion than to opinions from non-treating sources. 20 C.F.R. § 404.1527(d)(2). The ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion. *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, the ALJ need not accept the opinion of any medical source, including a treating medical source, "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *accord Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

The ALJ gave clear and convincing reasons for rejecting Dr. Eosakul's opinion. First, the ALJ noted that Dr. Eosakul's opinion indicated excessive severity even in 2006, at time during which the ALJ found Plaintiff to be disabled. Additionally, the ALJ stated that Dr. Eosakul's opinion as to the extent of Plaintiff's disability consisted entirely of checked boxes on a preprinted form. Furthermore, Dr. Eosakul opined that Plaintiff was essentially completely debilitated by his impairments, an opinion that has no support from the medical record. Finally, Dr. Eosakul opined that Plaintiff would have significant fingering limitations, even though Plaintiff has asserted no such impairment and the record provides no evidence of one. Plaintiff is not entitled to relief on this claim.

**B.   The ALJ Properly Considered the Type, Dosage, and Side Effects of Plaintiff's Medications**

Plaintiff contends that the ALJ failed to properly consider the side effects of his medication, including fatigue, nausea and dizziness, in reaching the disability determination, as required by Social Security Ruling ("SSR") 96-7p, 1996 WL 374186 (S.S.A. 1996). (Joint Stip. 9-10.)

As evidence of the severity of these side effects, Plaintiff relies on the preprinted form Dr. Eosakul filled out, in which he indicated that Plaintiff suffers from nausea and dizziness, and his own testimony at the hearing.

As discussed above, the ALJ need not accept the opinion of any medical source, including a treating medical source, "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957. Nothing in Plaintiff's medical records supports the argument that these side effects preclude him from working. Except for Dr. Eosakul's comments on a single form, there is no mention in the medical record of nausea and dizziness. Additionally, the only evidence of Plaintiff's fatigue is his testimony at the hearing. As discussed above, the ALJ properly rejected Dr. Eosakul's opinion, and, as discussed below, he properly discounted Plaintiff's credibility as to the impact of his subjective symptoms on his ability to work. The ALJ properly addressed the impact of Plaintiff's side effects, and his decision is supported by substantial evidence in the record. Plaintiff is not entitled to relief on this claim.

### C.   The ALJ Properly Assessed Plaintiff's Credibility

Plaintiff argues that the ALJ erred by improperly discounting his credibility in evaluating the extent to which his subjective symptoms interfered with his ability to work. (Joint Stip. 13.) At the hearing, Plaintiff complained of dizziness, fatigue, and pain in his back, thigh, and knee. (Joint Stip. 13.) The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that his statements as to the intensity, persistence, and limiting effects of his symptoms were not credible. (AR 19.) The ALJ noted that "[t]he claimant's current treatment appears to

10

be minimal and ad hoc to nonexistent," and that the record shows his pain was adequately controlled by medication. (AR 19-20.) Additionally, the ALJ stated that Plaintiff was discharged from physical therapy, and nothing in the record suggested he should have more aggressive treatment. (AR 20.) The ALJ also noted that although the records show some tenderness and limited range of motion in the spine, there is no evidence of neurological deficits, diminished sensation, or atrophy in any area. (AR 20.) The ALJ stated that Plaintiff's side effects had not been established or documented, and that Plaintiff had not been forthcoming about his activities of daily living, such as driving. The ALJ concluded,

> Accordingly, in consideration of the evidence, I find no credible basis to assess limitations beyond those set forth above. Certainly the claimant's allegations of being totally debilitated are not borne out by the evidence. The claimant has received essentially no treatment for his mental complaints and since April 2007, his physical complaints have apparently warranted no treatment beyond medication management. In light of these factors, I cannot find any basis to assess limitations beyond those set forth above.

(AR 21.)

In evaluating a claimant's assertions of subjective pain or other symptoms, the ALJ must engage in a two-step analysis. *Vasquez v. Astrue,* 547 F.3d 1101, 1104 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 135-36 (9th Cir. 2007). First, the ALJ must determine whether the objective medical evidence demonstrates the existence of an impairment that could reasonably be expected to produce the pain or other symptoms alleged. *Lingenfelter*, 504 F.3d at 1036 (citing *Bunnell v. Sullivan*, 947

F.2d 341, 344 (9th Cir. 1991)(*en banc*)). Second, if the claimant meets the first test and absent evidence of malingering, the ALJ may reject the alleged severity of the claimant's symptoms only by offering clear and convincing reasons for doing so. *Id.* (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). Where an individual's claimed functional limitations and restrictions due to the alleged symptoms are reasonably consistent with objective medical and other evidence in the case, the ALJ must credit the claimant's allegations. SSR 96-7p, 1996 WL 374186, at * 2 (S.S.A. July 2, 1996) (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).

Additionally, the ALJ is entitled to draw negative inference regarding a claimant's credibility arising from a failure to seek treatment, absent a reasonable justification for that failure. *Flaten v. Sec'y of Health & Human Serv.*, 44 F.3d 1453, 1464 (9th Cir. 1995). The Ninth Circuit recently stated:

> Our case law is clear that if a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment[] for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated.

*Orn*, 495 F.3d at 638 (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

Plaintiff claims that he suffers from chronic pain, dizziness, and fatigue sufficient to prevent him from any substantial gainful activity, but he has sought almost no treatment for his complaints since 2007. The ALj identified this failure as a reason for doubting the accuracy of Plaintiff's statements, a conclusion that is supported by substantial

evidence in the record. Accordingly, the ALJ gave specific, clear, and convincing reasons for discounting Plaintiff's credibility, and he is not entitled to relief on this claim.

**D.   The ALJ Posed a Proper Hypothetical to the Vocational Expert**

Plaintiff contends that the ALJ's hypothetical to the vocational expert improperly omitted reference to Plaintiff's use of a cane and the side effects he allegedly experienced from his medications. (Joint Stip. 18-20.) A hypothetical posed to a vocational expert must contain all the limitations of a particular claimant. *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991)(citations omitted). However, the ALJ need only include in the hypothetical those limitations that are supported by substantial evidence in the record. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001). Having determined that Plaintiff's side effects and claimed use of a cane were not significant limitations to his functioning, the ALJ appropriately omitted reference to those alleged limitations in posing the hypothetical to the vocational expert.

The Court concludes that the ALJ posed an appropriate hypothetical to the vocational expert, containing all of Plaintiff's limitations as found by the examining and reviewing physicians and adopted by the ALJ. The ALJ properly relied on the vocational expert's opinion, and the decision is supported by substantial evidence in the record.

**V.   Conclusion**

For the reasons stated above, the decision of the Social Security Commissioner is **AFFIRMED**.

DATED: September 9, 2009

_____
MARC L. GOLDMAN
United States Magistrate Judge

13